THE STATE, THE WATER COMMISSIONERS OF JERSEY CITY, PROSECUTORS, v. JOHN J. GAFFNEY COLLECTOR, &c., OF HUDSON CITY.

Lands and real estate acquired and held by the corporation of Jersey City, under the act to authorize the construction of works for supplying Jersey City and places adjacent with pure and wholesome water, and its supplements, although not in actual use, are exempt from taxation, if not held for speculation or to meet a remote, contingent expectation of necessary use, or mere incidental convenience, but are held in good faith, and are reasonably necessary to meet the increased and growing demand for water.

On *certiorari*. In matter of taxation under assessment of 1868.

Argued before BEDLE, DALRIMPLE, and SCUDDER, Justices.

For the prosecutors, *J. Dixon, Jr.*

For defendant, *H. Stout.*

BEDLE, J. The only question in this matter is, whether certain lands in Hudson City, Hudson county, held by the mayor and common council of Jersey City, and assessed in 1868 as blocks 83, 84, 85, 91, and 92, are exempt from taxation. By the act to authorize the construction of works for supplying Jersey City and places adjacent with pure and wholesome water, approved March 25th, 1852, (*Laws* 1852, *p.* 420, § 2,) the water commissioners were empowered, for and in the name of the mayor and common council of Jersey City, to take and hold any lands or other real estate necessary for the construction of any canals, aqueducts, *reservoirs*, and other works for conveying or containing water, &c., and, in general, to do any other act necessary or convenient for accomplishing the purposes of the act. Under section twenty-three of that act, the land held for the purposes of the works

in the county of Hudson was liable to be taxed exclusive of the works; and by a supplement of January 18th, 1853, (*Laws* 1853, *p.* 4, § 3,) that section was amended, striking out the limitation of Hudson county, and leaving the section general in its application; and by another supplement, (*Laws* 1868, *p.* 478, § 11,) it was provided "that all real estate belonging to the mayor and common council of Jersey City, and held within the county of Hudson for purposes connected with the works for supplying said city with water, shall hereafter be exempt from taxation." The evidence shows that the land assessed was purchased in 1865 or 1866, for the construction of an additional reservoir, and was so held in good faith, in the name of the mayor and common council of Jersey City, when this tax was imposed. It also appears that the same was reasonably necessary to meet the increased and growing demand for water. The legislature also, by an act of March 15th, 1866, (*Laws* 1866, *p.* 426,) recognized the fact that this same land had been acquired for the purpose of a reservoir, and vacated all parts of streets that had been laid out and dedicated through it, and authorized the commissioners to use the same in the construction of a reservoir, as if no such streets had ever been laid out or dedicated. This was the *status* of the property and the evident purpose for which it was held when the act of 1868 was passed and the assessment made. The land was not held for speculation or to meet a remote, contingent expectation of necessary use, or for a mere incidental convenience, and hence the case of *The State* v. *Mansfield*, 3 *Zab.* 510, and the other cases based upon it, can have no application. It is true that the property was not in actual use when the assessment was made, but there was then no indication of any abandonment of the purpose to use it for a reservoir; on the contrary, it is clear that it was held for that necessary purpose, and without being used for any other. *Cook* v. *State*, 4 *Vroom* 474.

The other property included in the assessment was, at the time, in actual use by the existing reservoir and for other proper purposes, and was clearly exempt, and so admitted.

Whether the exemption of the property of cities in the general tax law of 1866 would not entirely relieve the property in question from taxation, without the act of 1868 referred to, was not discussed before us, and therefore no opinion is expressed as to that.

For the reasons stated, the whole assessment must be set aside.

DALRIMPLE and SCUDDER, Justices, concurred.